### Moran v. The City of Elizabeth.

*(Circuit Court, D. New Jersey. July 26, 1881.)*

**1. Municipal Corporation—Judgments—Mandamus.**

The statute of a state provided, among other things, that when upon the recovery of a judgment against a municipal corporation and the levy of an execution thereunder sufficient property is not found to satisfy the same, a copy of such process shall be served on the collector and assessor, who shall then make an assessment and levy the required amount. *Held* that a writ of *mandamus*, commanding the city council to provide for the payment of the judgment, will not be granted in the absence of proof that the requirements of the statute have been complied with.

*Mandamus.*

Nixon, D. J. The above-named plaintiff, having recovered two judgments against the city of Elizabeth,—one, on the first of April last, for $4,334.86, and the other, on the seventh of April, for $2,079.23, besides costs of suit,—duly issued executions on the said judgments and placed them in the hands of the marshal, who has returned the same, with the indorsement that there is no property of the defendant corporation within the state whereon to levy, sufficient to satisfy the said executions. He now applies to the court for the writ of alternative *mandamus,* commanding the city council of the

city to meet forthwith and adopt measures for levying and collecting a tax for the amounts respectively due upon the judgments, with interest and costs, or to show cause at the next term of the court why the same has not been done.

The counsel for the city resists the application on the ground that, under the act of the legislature of the state of New Jersey, approved March 27, 1878, entitled "A supplement to an act entitled 'An act respecting executions,'" the city council had no concern in levying and assessing taxes for the payment of judgments and executions against the city; but that the plaintiff must pursue the course marked out by the above-quoted statute.

It appears by the pleadings in the two causes that the judgments were obtained · on interest coupons which had matured, and which had been attached to certain bonds of the city of Elizabeth, issued on the first of April, 1875. The plaintiff became the owner of the bonds for value before March 1, 1879, and is entitled to the same remedies for the collection of the principal as existed at the date of purchase. See Const. of N. J. § 7, art. 3.

The act of March 27, 1878, provides—

"That when any execution shall be issued against * * * a municipal corporation of this state, by any court authorized to issue the same, upon any judgment against * * * such municipal corporation, whether upon a judgment recovered before the passage of this act or subsequent thereto, and there shall be no property belonging to such * * * municipal corporation sufficient to satisfy the same whereon to levy, then the officer authorized to execute such process shall serve a copy of the same, not only on the collector of * * * such municipal corporation, as is now required by law, but also upon the assessor thereof, who is by law required to assess the taxes in and for such * * * municipal corporation; and upon the receipt of such copy of execution, it shall be the duty of such assessor to assess and levy, in addition to the regular taxes, the amount due upon the said execution, with interest to the time when the same shall be paid to the officer serving such process, upon all the property within such * * * municipal corporation; and this tax shall be assessed and collected at the same time and in the same manner, and under the same conditions, restrictions, and regulations, as taxes for other purposes are required to be assessed and collected in such * * * municipal corporation, and when collected shall be paid over to the officer serving the said process."

The act is broad enough, in its terms, to apply to the courts of the United States in the district of New Jersey, and I have no doubt that suitors in these courts are entitled to the benefit of its provisions. These pending cases are proceedings at law, and sections 914–916 of the Revised Statutes of the United States enact—

"That the practice, pleadings, and forms and modes of proceeding in civil causes, in the circuit and district courts, shall conform, as near as may be, to the practice, pleadings, and forms and modes of proceeding existing at the time, in like causes, in the courts of record of the state within which such circuit and district courts are held; and that in common-law causes the plaintiff shall be entitled to similar remedies, by attachment or other process, or by execution or otherwise, against the property of the defendant, which are provided by the laws of the state in which such courts are held for the courts thereof."

Whether the said act is a cumulative remedy or not, it is certainly a simple and efficacious one for all persons having unsatisfied executions against towns, townships, boroughs, or other municipal corporations.

When the plaintiff shall file proof that he has caused the marshal to serve copies of the said executions upon the assessors and collectors of the defendant corporation, or upon the municipal officers whose duty it is to assess and collect its ordinary taxes, he will be in the position to petition the court for a *mandamus* commanding the assessors to assess and levy, in addition to the regular taxes, the amounts due upon the said executions respectively, with interest to the time when the same shall be paid to the marshal, or to show cause before the court, at the opening of the next stated term, why they have not performed the said duty.